[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION TO STRIKE (#121)
 FACTS
This suit arises out of the death of Merrill Epps, III, which allegedly occurred on February 7, 1998 at Lucky's Cafe, located on the premises owned by the defendants, Robert C. Renehan, Sr. and Robert G. Renehan, Jr. (the Renehans).[1] Epps was allegedly shot by another patron, Eddy Lamoine, while they were inside the cafe. The plaintiffs, the co-administrators of Epps' estate, filed a four count amended complaint CT Page 16908 on September 7, 1999. The first two counts are directed at the owner of the business known as Lucky's Caf´. Those counts are not relevant to this motion. The plaintiffs sued the Renehans under the third and fourth counts. The third count alleged that the death of Epps was caused by the Renehans' negligence in leasing the premises at 361 Colman Street in New London to Robert E. Brennan, negligently failing to enforce the terms of the lease and failing to monitor the cafe's compliance with the lease. The fourth count alleged intentional conduct in leasing or failing to enforce the lease agreement between Brennan and the Renehans.
On September 10, 1999, the Renehans filed a motion to strike the fourth count of the plaintiffs' amended complaint. The court, Corradino, J., granted the motion on October 29, 1999, on the ground that the plaintiffs failed to allege facts sufficient to establish an intentional tort claim.
On March 26, 2001, the plaintiffs filed a "substituted complaint". The third count of the substitute complaint alleges the same facts as the third count of the first amended complaint, that is, that the death of Epps was caused by the Renehans' negligence in leasing the premises to Brennan, failing to enforce the terms of the lease and failing to monitor the cafe's compliance with the lease. The language of the third count in both complaints is identical.
On April 16, 2001, the Renehans filed the present motion to strike the third count of the substitute complaint. The basis for the present motion to strike is that the third count does not state a cause of action sounding in negligence. The Renehans have filed a memorandum of law in support of their present motion to strike, and the plaintiffs have filed a memorandum in opposition.
 DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). In ruling on a motion to strike, the trial court examines the complaint "construed in favor of the plaintiffs, to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) Dodd v. MiddlesexMutual Assurance Co., 242 Conn. 375, 378, 698 A.2d 859 (1997). When deciding the motion, "the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp., 240 Conn. 576, 580, 693 A.2d 293 (1997). "[G]rounds other than those specified should not be considered by the trial court in CT Page 16909 passing upon a motion to strike. . . ." (Internal quotation marks omitted.) Gazo v. Stamford, 255 Conn. 245, 259, 765 A.2d 505 (2001).
The plaintiffs argue that the present motion to strike is procedurally improper because the grounds asserted therein could have been raised in the previous motion to strike. Because the allegations of count three in both the amended complaint and substitute complaint are identical, the plaintiff argues that the rules of practice preclude the Renehans from bringing the present motion.
"Practice Book [§ 10-6] sets forth the pleadings allowed in civil cases and the order in which they must be pursued. Section [10-8] provides that the pleadings are to advance in order and that the pleadings shall advance at least one step within the fifteen-day period following the adjudication of the preceding motion." Hartt v. Schwartz, Superior Court, judicial district of New Haven at New Haven, Docket No. 331912 (March, 15, 1994, Hodgson, J.).
"Practice Book [§ 10-41] provides that each motion to strike shall `set forth each such claim of insufficiency and shall distinctly specify the reason or reasons for each claimed insufficiency.' . . . Practice Book [§ 10-43] provides that a judge deciding a motion to strike in which more than one ground is asserted shall specify the ground relied upon in striking the claim." Id.
The court in Hartt v. Schwartz, supra, held that because the Practice Book provides for pleading multiple grounds in a single motion to strike and, further, provides that pleadings are to advance after the adjudication of each enumerated pleading, a defendant may not impede the progress of the suit by dividing his grounds and pleading them in consecutive motions to strike. Other Superior Court cases have reached the same conclusion. See Kent v. Francis A. Sartiano, P.C., Superior Court, judicial district of New Haven at New Haven, Docket No. 386702 (Sept. 8, 1999, Blue, J.) (25 Conn.L.Rptr. 374, 375); Rosenfield v.Sanitary Service Corp., Superior Court, judicial district of Hartford — New Britain at Hartford, Docket No. 554202 (June 6, 1997, Hale,J.) ("a defendant who has failed to raise all of his grounds for striking a complaint may not [later] file a second motion to strike asserting additional grounds").
A second motion to strike may be appropriate in limited circumstances. For example, when a plaintiff, pursuant to Practice Book § 10-44, files a subsequent pleading alleging new facts. (See also Benton v.Taylor, Superior Court, Judicial District of Hartford at Hartford, Docket No. 595180 (June 11, 2001, Beach, J.) CT Page 16910
Additional motions to strike, however, are not allowed when the grounds asserted therein could have been raised in an earlier motion. See Practice Book §§ 10-41 and 10-43; see also Hartt v. Schwartz, supra. In this instance, the latter is the case. "The problem is that the defendants here have already had their bite at the motion to strike apple." Kent v. Francis A. Sartiano, P.C., supra.
Over two years ago the Renehans filed a motion to strike in this case and litigated it before Judge Corradino, who granted their motion. The complaint before Judge Corradino at that time included the same third count that the Renehans now move to strike. Therefore, the legal arguments that the Renehans now raise in regard to the third count could have been raised in their original motion to strike. Under the rules of practice, the Renehans are precluded from pursuing their second motion to strike. See Practice Book §§ 10-6, 10-8, 10-41 and 10-43.
For the foregoing reasons, the motion to strike the third count of the plaintiffs' substitute complaint is denied.
Robaina, J.